IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZO SKIN HEALTH, INC., a California corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>LE EYELASH OC, d/b/a Leeyelashoc, d/b/a Fiji Unlimited, Inc.,<br><br>         Defendants. | Case No. 8:21-cv-201<br><br>**MEMORANDUM and ORDER** |

This matter is before the Court on plaintiff ZO Skin Health, Inc.'s ("ZO Skin") motion for default judgment and a permanent injunction against defendant Le Eyelash OC, Filing No. 24. The Court held an evidentiary hearing on August 18, 2022.

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

1

The record shows that ZO Skin filed a complaint alleging trademark infringement, false advertising, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1117 & 1125, intentional interference with contracts, and other state law business torts on May 27, 2021. Filing No. 1. ZO Skin Health served the summons and complaint by certified mail, return receipt requested, to 201 No. Kathryn Dr., Anaheim California, 92801, on June 21, 2021. Filing No. 8-1. Thereafter ZOSH received the envelope containing the summons and copy of the complaint, with a hand-written notation indicating the envelope was "UTF" or unable to forward, and the plaintiff filed a Return Proof of Service reflecting that the defendant had not been served. Filing No. 9. The Court extended the time in which to effect service and the plaintiff then effected service by personally delivering copies of the summons and complaint on an unnamed woman at 201 N. Kathryn Drive, Anaheim, California, on October 5, 2021. Filing Nos. 11, 16, text orders; Filing No. 17, proof of service executed; Filing No. 25-1, Smith Aff. at 2, Ex. C. The deadline for Le Eyelash to answer or otherwise respond to ZO Skin's Complaint was October 20, 2021. Fed. R. Civ. P. 12(a).

On December 16, 2021, the Clerk of this Court entered an Entry of Default in favor of ZO Skin and against defendant Le Eyelash OC in this action. Filing No. 20. On January 3, 2022, the Clerk of Court received, and filed, correspondence dated December 24, 2021, from the unnamed homeowner of the address listed on the service of process explaining that sought-after defendant, a female named Huong Le, no longer lived at the address, had moved out ten years prior, and had left no forwarding address. Filing No. 22. The letter provided a phone number for Ms. Le and contact information for Le's business advisor. Id. To date, Le Eyelash OC has not answered or otherwise responded

in this action. No one appeared at the hearing on behalf of the defendant.

At the hearing, ZO Skin offered, and the Court received, the affidavits of Brenda K. Smith and Natasha Hodkinson. Filing Nos. 25-1, Affidavit of Brenda K. Smith ("Smith Aff."); 25-2, Affidavit of Natasha Hodkinson ("Hodkinson Aff."). Plaintiff's counsel states by affidavit that the notice from the unnamed homeowner is contrary to research into the defendant's business. Filing No. 25-1, Smith Aff at 3. According to the Better Business Bureau website, a *male* named Huong Le is listed as the business owner, and the same Anaheim address where the complaint was served is listed as Le Eyelash OC's location of business. Filing No. 25-1, Smith Aff. at 52-54, Ex. G; *see* Better Business Bureau Profile for Le Eyelash OC at https://www.bbb.org/us/ca/anaheim/profile/beauty-supplies/le-eyelash-1126-172012761. Smith also states that the Dvorak law firm contacted the defendant's business advisor, Mac Tax, who confirmed it prepares the tax returns for Le Eyelash OC, and that the defendant's owner is male and is located in Anaheim, California. Filing No. 25-1 at 3. The evidence shows that the plaintiff has sustained damages in the amount of $408, 872.77. Filing No. 25-2, Hodkinson Aff. at 3; Ex. 1.

The Court finds the plaintiff has sufficiently shown that the defendant was properly served with the complaint in this action. *See* Neb. Rev. Stat. § 25-505.01(1)(a)-(c). The Court finds the plaintiff's complaint states a legitimate claim for trademark violations. The plaintiff's allegations that the defendant's conduct was willful are deemed admitted by virtue of the defendant's failure to appear. Accordingly, the Court finds the defendant's actions were willful and the plaintiff is entitled to treble damages under the statute. *See* 15 U.S.C. § 1117(a); 1118; 1125(A). ZO Skin has also shown that it has incurred costs

3

in the amount of $589.13 for filing and service fees, and attorney fees in the amount of $14,798.00. See 15 U.S.C. § 1117(a).

The plaintiff has also shown that absent injunctive relief, the plaintiff will continue to unlawfully resell products bearing ZO Skin trademarks and will continue to infringe on those trademarks causing continued irreparable harm to ZO Skin's reputation, goodwill, relationships, intellectual property, and brand integrity. The Court finds that injunctive relief is appropriate. Accordingly,

IT IS ORDERED that

1. Plaintiff's motion for a default judgment (Filing No. 24) is granted.

2. A judgment in accordance with this memorandum and Order and a separate injunction will be entered.

Dated this 23rd day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge